**In re PERVIER.**
No. 62261.

District Court, D. Massachusetts.
May 1, 1939.

Rieutord & St. Onge, of Southbridge, Mass., for debtor.

Rowland J. Hastings, of Worcester, Mass., for Federal Land Bank of Springfield.

McLELLAN, District Judge.

The report of the Conciliation Commissioner shows clearly enough that the petitioner is not primarily personally engaged in producing products of the soil, or in dairy farming, production of poultry or livestock, or the production of poultry or livestock products in their unmanufactured state, and that the principal part of his income is not derived from any one or more of the foregoing operations. The Conciliation Commissioner reports the filing with him of a petition for an adjudication as a bankrupt and for the incidental advantages provided for farmers under Section 75(s) of the Bankruptcy Act, 11 U.S.C.A. § 203(s). This later petition filed with the Commissioner alleges that the petitioner is engaged in dairy farming, but the Commissioner's report shows that he has no dairy animals and is in no position to acquire them. In view of the whole report, which is hereby confirmed, I cannot think that the case is one where the petitioner is entitled to the benefits of Section 75(s), supra.

It may serve a useful purpose here to add that there are annexed to the original petition the requisite schedules. Those schedules, however, appear upon a form adapted to an ordinary voluntary petition in bankruptcy wherein the petitioner prays that he may be adjudicated a bankrupt. I treat this prayer for an adjudication as an oversight, because all the proceedings before the Commissioner indicate that at the outset no adjudication

in bankruptcy was sought. I find it necessary to deny the supplemental petition filed with the Commissioner, which contains a prayer for an adjudication, because connected with that prayer is an attempt on the petitioner's part to avail himself of the benefits of Section 75(s),—benefits to which on the findings of the Commissioner he is not entitled.

Accordingly, the supplemental petition filed with the Conciliation Commissioner and the original petition filed in this court must be and they are dismissed, without prejudice of course to the petitioner's right to avail himself, if he is so advised, of an ordinary voluntary petition in bankruptcy.